Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 CR 50005 | **DATE** | 9/23/2004 |
| **CASE TITLE** | United States vs. Schreier | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   For the reasons stated on the reverse memorandum opinion and order, the court denies defendant's motion for more definite particulars and motion for severance.

(11) ■ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 2 3 2004 | |
| | Notified counsel by telephone. | | date docketed | 43 |
| X | Docketing to mail notices. | | deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | SEP 2 3 2004 | |
| | | | date mailed notice | |
| /LC | courtroom deputy's initials | | Date/time received in central Clerk's Office | mailing deputy initials |

# MEMORANDUM OPINION AND ORDER

Defendant, Fred Schreier, filed a motion for more definite particulars and a motion pursuant to Fed. R. Crim. P. 8(a) and 14 to sever the two counts of his superseding indictment.

The superseding indictment charges defendant with violating 18 U.S.C. § 1954 by receiving and agreeing to receive from co-defendant, Michael Linder, a motorcycle, because of defendant's actions, decisions, and other duties relating to two union pension funds (Count I), and with violating 18 U.S.C. § 664 by unlawfully and willfully abstracting and converting, and aiding and abetting another to do so, $18,000 from one of the tow pension funds (Count II). The government, in response to this court's prior order, also submitted a bill of particulars that specifies the particular conduct of defendant that is alleged to violate §§ 1954 and 664.

The focus of defendant's motion for more definite particulars is that in paragraphs 8, 9, and 10 of the bill of particulars the government has not identified the specific dates upon which defendant performed the acts set forth therein.

The test for whether a motion for a bill of particulars should be granted is whether the defendant has been sufficiently apprised of the charges to enable him to prepare for trial. United States v. Fassnacht, 332 F. 3d 440, 446 (7th Cir. 2003). An indictment which includes each of the elements of the charged offenses, the time and place of the accused's conduct which constitutes a violation, and a citation to the relevant statutes is sufficient. Fassnacht, 332 F. 3d at 446. A bill of particulars is not required where the information necessary for a defense can be obtained through some other satisfactory form such as government disclosure of evidence. United States v. Canino, 949 F. 2d 928, 948 (7th Cir. 2001).

Here, defendant has been adequately apprised between the superseding indictment, the bill of particulars, the discovery made available from the government, and his own knowledge of the events. The specific dates relevant to paragraphs 8, 9, and 10 need not be identified under these circumstances.

Fed. R. Crim. P. 8(a) allows joinder of multiple counts if they are " the same or similar conduct, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." The similarity of character of different offenses does not significantly depend on their separation in time, so counts of like class may be joined even if they are not temporally or evidentially linked. United States v. Lanas, 324 F. 3d 894, 900 (7th Cir. 2003). The broadest possible basis for joinder, that the offenses are of the same or similar character, is a clear directive to compare the offenses charged for categorical, and not evidentiary, similarities. United States v. Alexander, 135 F. 3d 470, 476 (7th Cir. 1998). The same or similar character standard may be satisfied even if the offenses are not of identical statutory origin. Alexander, 135 F. 3d at 476. There is a strong policy preference in favor of joinder, and Rule 8(a) must be broadly construed to that end. Alexander, 135 F. 3d at 476.

Here, the two counts against defendant have been properly joined under either the same or similar character theory or the common scheme or plan theory. Both offenses are categorically similar in that they involves the alleged bestowal of an improper benefit upon defendant by Linder. They also reflect a common scheme or plan by Linder to influence defendant. While they are distinctly different crimes, they are sufficiently related to satisfy Rule 8(a). The time between the two offenses, given their similarities, is not significant for purposes of joinder.

Even though two charges may be properly joined under Rule 8(a), the court may exercise its discretion and grant a severance under Fed. R. Crim. P. 14 when it appears that the defendant will suffer prejudice by joinder. Lanas, 324 F. 3d at 900. Prejudice requiring severance is not shown if evidence on the severed counts would be admissible at the trial of the remaining counts. United States v. Handlin, 366 F. 3d 584, 591 (7th Cir. 2004). This would include the admission of evidence at the other trial under Rule 404(b) of the Federal Rules of Evidence. United States v. Rollins, 301 F. 3d 511, 518 (7th Cir. 2002).

In this case, defendant has not identified any prejudice from the joinder of Counts I and II sufficient to overcome the judicial economy reflected in the joinder under Rule 8(a). Further, even if the two charges were severed, evidence of the other would be admissible at each trial under Rule 404(b) to show motive and intent as well as to rebut any defense of mistake.

For the foregoing reasons, the court denies defendant's motion for more definite particulars and motion for severance.